UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-426 |
| | § | |
| JDS CONSTRUCTION CO., INC., *et al*, | § § | |
| Defendants. | § § | |

## ORDER FOR ENTRY OF DEFAULT

Pending before the Court is the self-styled "First Amended Request of Clerk of Court to Enter Default Per Rule 55(a) of the Federal Rules of Civil Procedure,"[1] filed by plaintiff Great American Insurance Company ("Great American").

After considering the motion, the record, and the relevant authorities, the Court **GRANTS** the motion.

### I. Surety and Indemnity

On August 12, 2013, Great American filed suit in this Court under diversity jurisdiction[2]; this complaint alone supplies the Court's knowledge of the facts, which the Court now lays out.

In this complaint, Great American alleges that it made an agreement with JDS Construction Co., Inc ("JDS"); M.F. Site Construction Co., Inc. ("MFI"); Joe Don Scoggins ("Mr. Scoggins"); and Olga Thelma Karam Scoggins ("Ms. Scoggins").[3] This agreement provided that Great American would execute surety bonds on JDS' behalf, since Texas law

---

[1] Dkt. No. 19.
[2] Dkt. No. 1.
[3] *Id.*, pp. 2-3, ¶¶9-12.

requires construction companies working with public entities to post such bonds.[4] In turn, JDS, MFI, Mr. Scoggins, and Ms. Scoggins (collectively, "Defendants") would indemnify Great American for these bonds, and in the event of a lawsuit would also deposit a large amount of cash as collateral security with Great American.

Pursuant to this agreement, Great American then executed at least three bonds, each for an amount greater than $10 million, on JDS' behalf, for three different public projects. According to the complaint, JDS then "failed to pay many of its subcontractors and suppliers" on these projects, all of whom responded by suing JDS, and three of whom responded by suing Great American as well.[5]

Thus exposed to financial liability, Great American now seeks to hold Defendants to their agreement to indemnify Great American's losses as surety, to specifically enforce the agreement to deposit cash with Great American in an amount sufficient to cover ongoing legal costs, and to recover attorney's fees.[6]

## II. The Stages of Default and Current Procedural Posture

Because the Defendants failed to respond timely to the complaint, they defaulted. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), defendants are required to answer the complaint within 21 days of service. In this case, Ms. Scoggins was required to answer by September 18, 2013, and all other Defendants were required to answer by September 17, 2013.[7] The Fifth Circuit has explained the default-process stages of Federal Rule of Civil Procedure 55 as

---

[4] *See* Texas Government Code Title 10, Subtitle F, Chapter 2253, "Public Work Performance and Payment Bonds", *available at* http://www.statutes.legis.state.tx.us/Docs/GV/htm/GV.2253.htm.
[5] Dkt. No. 1, pp. 4-5, ¶¶13-14.
[6] *Id.*, pp. 6-10, ¶¶20-33.
[7] Dkt. Nos. 7-10.

sequentially proceeding from the event of default, to the entry of default, and ultimately to the default judgment now requested by Plaintiff[8]:

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). After defendant's default has been entered, plaintiff may apply for a *judgment* based on such default. This is a *default judgment*.

Thus, all Defendants defaulted, but because Ms. Scoggins has "expeditiously" responded[9] and Great American has modified its motion for entry of default,[10] an entry of default is sought only against JDS, MFI, and Mr. Scoggins. As a result of the continuing lack of response from those Defendants, the Court finds that entry of default against them is warranted.

The effect of the default is that, generally, "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment . . . ."[11] "Unlike questions of actual damage, which must be proved in a default situation, conduct on which liability is based may be taken as true as a consequence of the default."[12] The Defendants in default thus admit liability, without thereby showing the amount of damages, both of which the Court will adjudicate at the third stage, the default judgment.

### III.     Entry of Default

For the foregoing reasons, the Court **GRANTS** the motion and **INSTRUCTS** the Clerk of the Court to make an **entry of default** against JDS, MFI, and Mr. Scoggins.

---

[8] *See* New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (citation omitted) (emphasis in original).
[9] *See* Lacy v. Sitel Corp., 227 F.3d 290, 294 (5th Cir. 2000).
[10] *See* Dkt. Nos. 13, 18.
[11] Jackson v. FIE Corp., 302 F.3d 515, 524 (5th Cir. 2002) (quoting Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).
[12] Frame v. S-H, Inc., 967 F.2d 194, 205 (5th Cir. 1992) (citations omitted).

IT IS SO ORDERED.

DONE this 14th day of November, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE